NOT DESIGNATED FOR PUBLICATION

Nos. 123,703
123,705
123,706

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ABEL M. SANTOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Abel M. Santos appeals the district court's revocation of his probation and the imposition of his modified underlying prison sentences in three cases. We granted Santos' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In its response, the State does not object to summary disposition but asks that we affirm the district court. After a review of the record, we affirm.

1

Pursuant to a plea agreement with the State, Santos pled guilty in 17CR2900 to one count of burglary and one count of felony attempted theft; in 17CR3233 to one count of burglary (this case is subject to a separate appeal); and in 17CR3659 to three counts of burglary. These crimes were committed in September and October 2017. At sentencing on July 31, 2018, the district court went along with the plea agreement and sentenced Santos in 17CR2900 and 17CR3659 to 18 months in prison for each case, consecutive to each other. However, Santos was placed on probation from these sentences for a period of 24 months.

In January 2019, Santos was charged in 19CR84 with three new crimes—burglary, misdemeanor criminal damage to property, and misdemeanor theft—committed in September 2017. Apparently, the delay in charging these new crimes was due to the time it took to process DNA evidence linking Santos to these events. Santos entered into a second plea agreement with the State, with its principal benefit to Santos being that the State would agree to a dispositional departure to probation. On September 13, 2019, Santos pled guilty to a single count of burglary.

On October 11, 2019, the State alleged that Santos had violated the terms and conditions of his probation by, among other things, testing positive for illegal substances and failing to report. At the probation violation hearing for 17CR2900 and 17CR3659 held on November 8, 2019, Santos admitted to the violations; the district court imposed a 3-day intermediate jail sanction and extended Santos' probation for 18 months. On the same day, in 19CR84, the district court sentenced Santos to 21 months in prison, consecutive to his prior cases, but granted Santos' motion for a dispositional departure to probation for 24 months.

On December 23, 2019, the State sought revocation of Santos' probation, alleging Santos had committed a new crime of aggravated escape from custody on the previous

2

day. Santos was subsequently charged with felony aggravated escape from custody in 20CR307.

At an August 8, 2020 probation violation hearing, Santos waived his right to hearing, agreed not to contest the allegation that he committed a new crime while on probation, but asked for a delay in disposition of his probation cases so that a plea agreement could be worked out in those cases along with his new case, 20CR307. At a disposition and sentencing hearing conducted on January 22, 2021, Santos entered a guilty plea to misdemeanor aggravated escape from custody in 20CR307. In exchange for that plea, the parties agreed to recommend to the district court that Santos' probation be revoked in his three probation cases but that his sentence in 19CR84 be modified to run concurrent with 17CR2900 and 17CR3659. The district court abided by this agreement, revoked Santos' probation in all three cases, and modified the sentence in 19CR84 to run concurrent with 17CR2900 and 17CR3659. The district court also sentenced Santos to 12 months in the county jail in 20CR307 and ran that sentence concurrent with the others.

Santos now appeals the revocation of his probation in 17CR2900, 17CR3659, and 19CR84, arguing the district court abused its discretion by doing so. He does not challenge his modified sentence in 19CR84. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Santos bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716. According

3

to the law in effect at the time Santos committed his crimes in 2017, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. K.S.A. 2017 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, Santos appears to concede the district court had the legal authority to revoke his probation as it is undisputed that he committed a new crime while on probation. Santos merely argues the district court abused its discretion by revoking his probation and imposing his modified underlying sentences. However, it is well established that a party may not invite error and then complain of such error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Santos agreed to a global settlement of his probation cases and 20CR307 by entering into a new plea agreement with the State which called for his probation to be revoked. If the district court erred by revoking Santos' probation, such error was invited by him in order to obtain the benefits of the bargain he negotiated. See *State v. Sanders*, No. 119,977, 2019 WL 4126487, at *4 (Kan. App. 2019) (unpublished opinion) (invited error bars defendant's claim that district court abused its discretion by revoking probation). Moreover, our review of the record reveals no abuse of discretion by the district court in revoking Santos' probation given his performance while on probation.

Affirmed.